IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES M. VARDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:15-cv-184-MHT-GMB |
| | ) [wo] |
| MARK E. FULLER, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. *See* Doc. 3. For good cause, it is the recommendation of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## I. BACKGROUND

The instant complaint arises out of a 2011 lawsuit filed by Plaintiff James M. Vardon ("Vardon") in the Middle District of Alabama. On May 9, 2011, Vardon, a former employee of the City of Montgomery, filed a lawsuit against the City of Montgomery, Alabama Retirement Fund ("City of Montgomery") after it denied his application for the distribution of his pension benefits. This case was assigned to United

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

States District Judge Mark E. Fuller ("Judge Fuller").  In addition to the complaint, Vardon filed a motion for leave to proceed *in forma pauperis*, which the court granted on May 13, 2011.[2]  On June 6, 2011, the City of Montgomery filed a motion to dismiss the complaint that was denied on February 1, 2012, when Judge Fuller adopted the Report and Recommendation of the Magistrate Judge.[3]  The City of Montgomery filed a motion for summary judgment that was granted when Judge Fuller adopted a second Report and Recommendation of the Magistrate Judge, resulting in the dismissal of the case on June 29, 2012.[4]

On March 24, 2015, almost three years after the resolution of his 2011 lawsuit, Vardon filed the instant case against Judge Fuller. *See* Doc. 1.  Vardon asserts that Judge Fuller dismissed his prior lawsuit without providing a "reason" and that Judge Fuller had a bias against *pro se* parties. *Id.*  Vardon's complaint is due to be dismissed because Judge Fuller is immune from suit for actions undertaken in the course of his judicial duties and because Vardon filed this lawsuit outside of the statute of limitations.

## II.  STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an

---

[2] *See Vardon v. City of Montgomery, Alabama Retirement Fund*, 2:11-cv-352-MEF-CSC, Docs. 1-2 & 4.
[3] *See Vardon*, 2011 WL 7122903 (M.D. Ala. Oct. 24, 2011), *adopted,* 2012 WL 298765 (M.D. Ala. Feb. 1, 2012).
[4] *See Vardon*, 2012 WL 2522808 (M.D. Ala. June 14, 2012), *adopted*, 2012 WL 2559211 (M.D. Ala. June 29, 2012).

otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x, 91, 93 (11th Cir. 2009) (same). While § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) (noting that Section 1915(e) applies to all litigants proceeding *in forma pauperis*). "At any stage of the proceedings, a case is frivolous for

the purpose of § 1915(e)(2)(B) when it appears that the plaintiff "has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).   A court "may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989)); *see Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process).   Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[5]

### III.   DISCUSSION

**A.   Judicial Immunity**

Vardon's claim against Judge Fuller relates purely to matters brought before Judge Fuller as a presiding judge, as well as the rulings issued by him in his judicial capacity during legal proceedings over which he had jurisdiction.   Judge Fuller is thus entitled to judicial immunity.   Absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457

---

[5] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

U.S. 800, 807, 102 S. Ct. 2727, 2732, 73 L. Ed. 2d 396 (1982).   It is well-settled law that judges are among those officials who are entitled to absolute immunity. *E.g., Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Forrester v. White*, 484 U.S. 219, 227–29, 108 S. Ct. 538, 544-46 (1988).   Judicial immunity "'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences.'" *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967) (quoting *Bradley v. Fisher*, 80 U.S. 335, 349, 20 L. Ed. 646 n. 16 (1872)).   Accordingly, absolute immunity is necessary to allow judges to perform their judicial functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (quoting *Bradley*, 80 U.S. at 347).

To determine whether a judge is protected under the doctrine of judicial immunity, the challenged action must be "judicial," and at the time the challenged action was taken, the judge must have had jurisdiction over the action. *See Stump*, 435 U.S. at 356, 98 S. Ct. at 1104–05; *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)) ("Whether a judge's actions were made

while acting in his or her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; . . . (3) the controversy involved a case pending before the judge . . . ."). Essentially, to defeat immunity a plaintiff must show that the judge acted in the "clear absence of all jurisdiction," not merely that the alleged conduct was erroneous, malicious, or beyond his authority. *Stump*, 435 U.S. at 356-57, 98 S. Ct. at 1104–05; *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

In this instance, Vardon has failed to make a showing that Judge Fuller acted in a clear absence of jurisdiction. Instead, Vardon's lawsuit challenges the precise judicial functions the doctrine of judicial immunity is designed to protect. Vardon disagrees with the dismissal of his lawsuit, but rather than simply appealing Judge Fuller's decision, he filed the instant action.[6] Since judicial immunity precludes Vardon from recovering monetary damages against Judge Fuller, and he is unable to cure his pleading

---

[6] It should be noted that the record belies Vardon's claim that Judge Fuller dismissed his lawsuit without providing a "reason." Specifically, on June 14, 2012, the court entered an eleven-page opinion thoroughly explaining the basis for dismissal of Vardon's case. The court found:

> Vardon applied for and received the return of his total contributions to the Employees' Retirement Systems. At that time, Vardon signed a release acknowledging that:
>
> "[t]he return of my said contributions and interest shall be a complete satisfaction and discharge of any and all claims that I, my heirs or assigns, or my beneficiary, might otherwise have against any and all funds under the care and control of the Board of Trustees of the Employees' Retirement System of the City of Montgomery . . . I understand that when I withdraw my contributions my membership is finally terminated."

*Vardon*, 2012 WL 2522808 at *4, *adopted by* 2012 WL 2559211. Additionally, the court noted Vardon's admission that he received a return of his contributions, finding that "Vardon has no right to apply for retirement benefits, no right to receive retirement benefits, and no basis for a claim against the Employees' Retirement System for its failure to award him retirement benefits." *Id.*

6

defect, his complaint is due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

B.     **Statute of Limitations**

Even assuming *arguendo* that Vardon's claim was not barred by judicial immunity, it was still filed outside of the statute of limitations. There is no express period of limitations in the Civil Rights Act, and therefore federal courts must look to the most appropriate state statute of limitations for a claim filed under 42 U.S.C. § 1983.[7] *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *Burnett v. Grattan*, 468 U.S. 42, 104 S. Ct. 2924 (1984). "Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir. 1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.; Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *Burnett v. Grattan*, 468 U.S. 42, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So. 2d 263, 269-70 (Ala. 1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two-year

---

[7] Vardon does not specifically state which statute his claim arises under; however, upon thorough review of the complaint, it appears to the court that Vardon's claim arises under 42 U.S.C. § 1983.

statute of limitations for personal injury actions is the most applicable to the instant § 1983 claim. *See* ALA. CODE § 6-2-38(l); *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (applying Alabama's two-year statute of limitations to § 1983 action).

While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). A § 1983 action accrues "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles,* 335 F.3d 1259, 1261 (11th Cir. 2003); *see Walker v. United States,* 196 F. App'x 774, 776 (11th Cir. 2006) (explaining that "a cause of action accrues for purposes of the statute of limitations in § 1983 and *Bivens* cases when the plaintiff knows or has reason to know of an injury and who has inflicted it"); *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987) ("[T]he statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.").

In this case, Judge Fuller entered his order and final judgment dismissing the case on June 29, 2012. *See Vardon*, 2012 WL 2559211 (M.D. Ala. June 29, 2012). Vardon was therefore required to file his claim on or before June 29, 2014, but did not do so until March 24, 2015. *See* Doc. 1. Consequently, Vardon's claim under § 1983 is barred by

8

the two-year statute of limitations. The complaint is due to be dismissed on this basis if not for Judger Fuller's judicial immunity.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **December 29, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 11th day of December, 2015.

_____/s/ Gray M. Borden_____  
UNITED STATES MAGISTRATE JUDGE